**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JEFFREY J. FARNWORTH,<br><br>         Plaintiff,<br><br>v.<br><br>SEACORP, LLC<br>alias<br><br>         Defendant. | Civil Action No. 1:25-cv-00048 |

**DEFENDANT SEACORP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant SEACORP, LLC ("Defendant") hereby responds to Plaintiff's Complaint as follows.

**I.    Introduction**

The allegations in the introductory paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies any violation of the law.

**II.    Parties**

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Defendant admits the allegations in Paragraph 2.

**III.    Jurisdiction**

3. Defendant states that the allegations set forth in this paragraph contain conclusions of law to which no response is required. To the extent a further response is deemed necessary, Defendant denies any violation of the law.

4.     Defendant states that the allegations set forth in this paragraph contain conclusions of law to which no response is required. To the extent a further response is deemed necessary, Defendant denies any violation of the law.

## IV.     Venue

5.     Defendant states that the allegations set forth in this paragraph contain conclusions of law to which no response is required. To the extent a further response is deemed necessary, Defendant denies any violation of the law.

## V.     Exhaustion of Administrative Remedies

6.     Defendant admits that Plaintiff filed a Charge of Discrimination with the Rhode Island Commission for Human Rights on or about December 1, 2023, that was dually filed with the United States Equal Employment Opportunity Commission.  Defendant states that the Charge of Discrimination is a document that speaks for itself, and Defendant denies any mischaracterization of the language or import of this document.

7.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.     Defendant states that the allegations set forth in this paragraph contain conclusion of law to which no response is required.

12.    Defendant states that the allegations set forth in this paragraph contain conclusion of law to which no response is required.

## VI.    <u>Material Facts</u>

13.    Admitted that Defendant, in part, delivers engineering services and technology solutions to the United States maritime domain.

14.    Defendant admits that Plaintiff was hired in December 2018 but denies that it was for the position of Assistant Facility Security Officer.

15.    Defendant admits the allegations in Paragraph 15.

16.    Defendant denies knowledge of Plaintiff's age during the relevant times. Answering further, Defendant states that the remaining allegations set forth in this paragraph contain conclusion of law to which no response is required. To the extent a further response is deemed necessary, denied.

17.    Defendant denies the allegations in Paragraph 17.

18.    Defendant denies the allegations in Paragraph 18.

19.    Defendant admits that Plaintiff maintained a Top Secret security clearance during his employment.  Defendant denies that Plaintiff had more than one direct supervisor. Defendant further denies that that this was a higher level than Plaintiff's direct supervisor.

20.    Defendant admits that Plaintiff had performance reviews that met or exceeded expectations.  Defendant denies the remaining allegations in Paragraph 20.

21.    Defendant admits that Plaintiff, like most other employees, received pay increases in September 2020, September 2021, and September 2022. Defendant otherwise denies that the pay increases were due to Plaintiff's excellent performance.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     Defendant admits that it was aware of Plaintiff's hand and shoulder ailments but denies that these constitute as "disabilities." Defendant denies knowledge of Plaintiff's other "disabilities" stated in the Complaint.

24.     Defendant admits the allegations in Paragraph 24.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26.     Defendant admits that it was aware that Plaintiff had surgery for a hand injury. Defendant denies the remaining allegations in Paragraph 26.

27.     Defendant admits the allegations in Paragraph 27.

28.     Defendant admits the allegations in Paragraph 28.

29.     Defendant denies the allegations in Paragraph 29.

30.     Defendant admits that Plaintiff took a medical leave in December 2022.  Defendant denies that it had knowledge of Plaintiff's torn labrum and detached bicep that was exacerbated by Plaintiff's diabetes.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     Defendant admits the allegations in Paragraph 32.

33.     Defendant admits the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant denies Plaintiff's characterization that he made a "clerical error" and further denies that such "error" was caused by Plaintiff's disability.

36.    Defendant admits that DISS is used for requesting permission for Defendant-employees to visit secure government sites.  Defendant denies Plaintiff's use of the term "error."

37.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.    Defendant denies the allegations in Paragraph 38.

39.    Defendant denies the allegations in Paragraph 39.

40.    Defendant denies the allegations in Paragraph 40.

41.    Defendant denies the allegations in Paragraph 41.

42.    Defendant denies the allegations in Paragraph 42.

43.    Defendant admits that Plaintiff continued to access the DISS program for some period of time following his unauthorized use of DISS.  Defendant otherwise denies the remaining allegations in Paragraph 43.

44.    Defendant admits that Ms. Mosier sent Plaintiff an email on February 22, 2023, informing him, in part, that his actions violated DISS Account Management Policy 5.8 Misuse of DISS.  By way of further responding, this email is a written document that speaks for itself, and Defendant denies any mischaracterization of the language or import of this document.  Defendant further states that the DISS Account Management Policy is a written document that speaks for itself, and Defendant denies any mischaracterization of the language or import of this document.

45.    This paragraph references a written document that speaks for itself, and Defendant denies any mischaracterization of the language or import of this document.  By way of further responding, Defendant denies Plaintiff's characterization that he made an "inadvertent clerical error" and further denies that he also immediately requested to recall the request.

46.    Defendant denies Plaintiff's characterization that he made an "inadvertent clerical error" and further denies that Ms. Mosier used the term "inadvertent clerical error" when speaking to Plaintiff.  Defendant admits that Plaintiff's access to DISS was suspended, but denies that the suspension was a "suggestion."

47.    Defendant denies the allegations in Paragraph 47.

48.    Defendant admits that Plaintiff's access to DISS was suspended but denies that his access was suspended on February 22, 2023.

49.    Defendant admits that Kevin Borges served as Chief Information Officer but denies that Mr. Borges was Plaintiff's direct supervisor.  Defendant admits that Mr. Borges directly supervised Ms. Mosier.

50.    Defendant admits that a meeting occurred on March 1, 2023 but denies that it was a "weekly security meeting."

51.    Defendant denies the allegations in Paragraph 51.

52.    Defendant denies Plaintiff's characterization that he made an "inadvertent clerical error" or that that Mr. Borges used the term "inadvertent clerical error" when speaking to Plaintiff.  Defendant otherwise admits the remaining allegations in Paragraph 52.

53.    Defendant denies the allegations in Paragraph 53.

54.    Defendant admits the allegations in Paragraph 54, but denies that there was any other business to address in this meeting.

55.    Defendant admits that on March 8, 2023, Ms. Mosier told Plaintiff she should be posting Plaintiff's job on April 1, 2023 if the CAS investigation remained incomplete.  Defendant further admits that increase in security-related projects and the resignation of an Information Security Systems Officer were reasons for the decision, among others.

56.     Defendant admits that Plaintiff did not hold an Information Security Systems Officer position.

57.     Defendant admits that the resignation of an employee was one of the reasons why Ms. Mosier and Ms. Bellagamba's workload increased.

58.     Defendant admits the allegations in Paragraph 58.

59.     Defendant admits the allegations in Paragraph 59.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

62.     Defendant admits the allegations in Paragraph 62.

63.     Defendant denies the allegations in Paragraph 63.

64.     Defendant admits the allegations in Paragraph 64.

65.     Defendant admits the allegations in Paragraph 65.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     Defendant denies the allegations in Paragraph 67.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69.     Defendant admits the allegations in Paragraph 69.

70.     Defendant denies the allegations in Paragraph 70.

71.     Defendant admits the allegations in Paragraph 71.

72.     Defendant denies the allegations in Paragraph 72.

73.     Defendant denies Plaintiff's characterization of the meeting in Paragraph 73.

74. Defendant admits that Plaintiff was terminated on March 16, 2023, but denies that it was for violating DISS Technology Policy 7.05.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant admits that Mr. Borges read from a piece of paper when he informed Plaintiff of his termination.

77. Defendant admits that it did not provide Plaintiff with written documentation explaining the reason for his termination. Defendant denies any implication that it was required to do so.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies that it was required to follow a Progressive Discipline Policy prior to Plaintiff's termination.

80. This paragraph references a written document that speaks for itself, and Defendant denies any mischaracterization of the language or import of this document.

81. Defendant denies the allegations in Paragraph 81.

82. This paragraph references a written document that speaks for itself, and Defendant denies any mischaracterization of the language or import of this document.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant admits that younger individuals assumed some of Plaintiff's duties.

**VII.    Violation of the FMLA and RIPFMLA**

88.    Defendant denies the allegations in Paragraph 88.

89.    Defendant denies the allegations in Paragraph 89.

**VIII.   Disability Discrimination in Violation of the ASA, CRPD, FEPA, and RICRA**

90.    Defendant states that the allegations set forth in this paragraph contain conclusions of law to which no response is required.

91.    Defendant admits that it was aware of Plaintiff's hand and shoulder ailments but denies that they constitute as disabilities.  Defendant denies knowledge of Plaintiff's other "disabilities."

92.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.    Defendant denies that it has record of all of Plaintiff's alleged impairments.

94.    Defendant denies that it regarded and/or perceived Plaintiff as having all of Plaintiff's impairments.

95.    Defendant states that the allegations set forth in this paragraph contain conclusions of law to which no response is required.

96.    Defendant states that the allegations set forth in this paragraph contain conclusions of law to which no response is required.

97.    Defendant denies the allegations in Paragraph 97.

98.    Defendant denies the allegations in Paragraph 98.

99.    Defendant denies the allegations in Paragraph 99.

100.    Defendant denies the allegations in Paragraph 100.

101.    Defendant denies the allegations in Paragraph 101.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant admits that it terminated Plaintiff. Defendant denies that it was "abrupt" and further denies any implication that Plaintiff's termination was discriminatory.

104.    Defendant denies the allegations in Paragraph 104.

105.    Defendant states that the allegations set forth in this paragraph contain conclusions of law to which no response is required.

106.    Defendant states that the allegations set forth in this paragraph contain conclusions of law to which no response is required.

107.    Defendant states that the allegations set forth in this paragraph contain conclusions of law to which no response is required.

108.    Defendant states that the allegations set forth in this paragraph contain conclusions of law to which no response is required.

109.    Defendant denies the allegations in Paragraph 109.

110.    Defendant denies the allegations in Paragraph 110.

111.    Defendant denies the allegations in Paragraph 111.

112.    Defendant denies the allegations in Paragraph 112.

113.    Defendant denies the allegations in Paragraph 113.

**IX.    Age Discrimination**

114.    Admitted only that Plaintiff was at least forty (40) years of age.  Defendant denies that Plaintiff's work performance was sufficient to meet Defendant's expectations, that it took adverse action against Plaintiff by terminating his employment, and further denies that an individual significantly younger than Plaintiff was retained in the same position upon Plaintiff's termination.

115.    Defendant admits that Plaintiff was older than Ms. Mosier, Ms. Patridge, and Mr.

Laurent.  Defendant denies that Plaintiff was one of the oldest employees in his department.

116.    Defendant denies the allegations in Paragraph 116.

## X.    Pretext and Discriminatory Animus

117.    Defendant denies the allegations in Paragraph 117.

118.    Defendant denies the allegations in Paragraph 118.

119.    Defendant denies the allegations in Paragraph 119.

120.    Defendant denies the allegations in Paragraph 120.

## XI.    Causes of Action

121.    Defendant repeats and fully incorporates herein by reference all their responses to

the allegations of Paragraphs 1-120 above.

**Count One**
**Family and Medica Leave Act**
**29 U.S.C. § 2601,** *et seq.*
*Interference, Discrimination, and Retaliation*

122.    Defendant denies the allegations in Paragraph 122.

**Count Two**
**Rhode Island Parental and Family Medical Leave Act**
**R.I. Gen. Laws § 28-48-1,** *et seq.*
*Interference, Discrimination, and Retaliation*

123.    Defendant denies the allegations in Paragraph 123.

**Count Three**
**Americans with Disabilities Act**
**42 U.S.C. § 12101,** *et seq.*
*Discrimination, Failure to Accommodate, and Retaliation/Interference*

124.    Defendant denies the allegations in Paragraph 124.

**<u>Count Four</u>**
**Age Discrimination in Employment Act**
**29 U.S.C.A. § 621,** *et seq.*
*Discrimination*

125.    Defendant denies the allegations in Paragraph 125.

**<u>Count Five</u>**

**Rhode Island Fair Employment Practices Act**
**R.I. Gen. Laws § 42-87-1,** *et seq.*
*Discrimination and Retaliation/Interference*

126.    Defendant denies the allegations in Paragraph 126.

**<u>Count Six</u>**

**Civil Rights of People with Disabilities Act**
**R.I. Gen. Laws § 42-87-1,** *et seq.*
*Discrimination and Retaliation/Interference*

127.    Defendant denies the allegations in Paragraph 127.

**<u>Count Seven</u>**

**Rhode Island Civil Rights Act of 1990**
**R.I. Gen. Laws § 42-112-1,** *et seq.*
*Discrimination and Retaliation/Interference*

128.    Defendant denies the allegations in Paragraph 128.

**XII.    <u>Prayers for Relief</u>**

129.    Defendant denies that Plaintiff is entitled to the relief sought in his "Prayers for Relief" Paragraph.

**XIII.    <u>Demand for Jury Trial</u>**

Defendant denies that Plaintiff entitled to a trial by jury in this action.

**XIV.    <u>Designation of Trial Counsel</u>**

Defendant states that no response is required for this Paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim for which relief can be granted.

### Second Affirmative Defense

Plaintiff is estopped from pursuing claims in the Complaint by reason of his own actions and course of action.

### Third Affirmative Defense

The Complaint, and each claim therein, is barred because the policies undertaken by Defendant were the result of legitimate business necessities.

### Fourth Affirmative Defense

The Complaint, and each claim therein, is barred because the actions undertaken by Defendant were undertaken for legitimate non-discriminatory reasons.

### Fifth Affirmative Defense

Plaintiff's claims are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventive and/or correct opportunities or to otherwise avoid harm.

### Sixth Affirmative Defense

The Complaint, and each claim therein, is barred by principles of waiver, release, estoppel, laches, and/or unclean hands.

### Seventh Affirmative Defense

Any recovery should be limited to the extent Plaintiff has failed to mitigate any of the damages alleged in the Complaint.

## Eighth Affirmative Defense

To the extent Plaintiff has suffered any legally cognizable injuries, damages, or harm, which Defendant denies, his claims are barred, in whole or in part, because at all relevant times Defendant has operated its business in compliance with applicable laws and regulations.

## Ninth Affirmative Defense

To the extent any of Plaintiff's allegations have not specifically been denied above, they are hereby denied by Defendant.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirety and that Defendant be awarded its costs and expenses incurred in defending against this action, including reasonable attorneys' fees.

Respectfully submitted,

Defendant,
SEACORP, LLC

By their counsel,

*/s/ Robert H. Morsilli*
Robert H. Morsilli (#7999)
JACKSON LEWIS P.C.
75 Park Plaza- 4th Floor
Boston, MA 02116
(617) 367-0025
(617) 367-2155 (fax)
Robert.morsilli@jacksonlewis.com

Dated:  June 23, 2025

## **CERTIFICATE OF SERVICE**

This hereby certifies that on this 23rd day of June, 2025, this document, filed through this Court's ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a paper and/or electronic copy shall be served on non-registered participants pursuant to applicable rules.

*/s/ Robert H. Morsilli*
JACKSON LEWIS P.C.